IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DYSTANIE CEPEDA, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| | ) _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| MIRACLE MOTORS, INC. | ) |
| d/b/a  BYRIDER | ) |
| WILKES-BARRE, | ) *Electronically Filed* |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Dystanie Cepeda, a resident of Luzerne County, Pennsylvania, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Miracle Motors, Inc., d/b/a Byrider Wilkes-Barre, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. The Complaint alleges illegal discrimination, harassment on the basis of Plaintiff's sex in violation of the laws and statutes of the United States of America, specifically, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.*, and 28 U.S.C. §§1331 and 1343., as well as pendent state law claims arising under the provisions of the laws of the

Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA").

2. The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

5. Plaintiff, Dystanie Cepeda ("Ms. Cepeda"), is an adult individual residing in Luzerne County, Pennsylvania.

6. Defendant Miracle Motors, Inc. ("Miracle Motors") is a Pennsylvania corporation with a business address of 233 Mickley Road, Whitehall, Lehigh County, Pennsylvania 18049.

7. Miracle Motors owns and operates used automobile dealerships in and around North-East Pennsylvania.

8. At all times relevant to this Complaint, Miracle Motors owned, operated and did business as the automobile dealership Byrider Wilkes-Barre (Byrider"), located at 2140 Sans Souci Parkway, Wilkes-Barre, Luzerne County, Pennsylvania.

9. At all times relevant to this Complaint, Miracle Motors employed in excess of fifteen (15) individuals including Ms. Cepeda, making Miracle Motors an "employer" as defined under Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

10. On or about December 8, 2021, Ms. Cepeda filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2022-01590, alleging sexual harassment, retaliation and constructive discharge against Miracle Motors.

11. Ms. Cepeda's EEOC Charge of Discrimination was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC").

12. Ms. Cepeda has been advised of her individual right to bring a civil action by receiving a Notice of Right to Sue (Issued on Request) from the EEOC, issued on October 19, 2022.

13. Ms. Cepeda has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites with regard to the EEOC and PHRC have occurred and been satisfied.

## STATEMENT OF FACTS

14. On or about September 14, 2021, Ms. Cepeda was hired by Miracle Motors to work as a Service Writer at its Byrider location.

15. Throughout her tenure at the Byrider location, Ms. Cepeda was the only female in the Service Department.

16. Throughout her tenure at the Byrider location, Ms. Cepeda was subjected to instances of sexual harassment on a near-daily basis by her then direct supervisor and Miracle Motor's Service Manager, Robert Kile, as well as by a fellow Service Department employee.

17. Particularly, Mr. Kile's sexual harassment of Ms. Cepeda included but was not limited to: repeatedly asking Ms. Cepeda if he could "fuck" her; after fixing a piece of equipment on Ms. Cepeda's car, Mr. Kile informed Ms. Cepeda that she could pay him "in cash or in sex;" Mr. Kile asked Ms. Cepeda if she wanted to feel his beard in between her thighs and, after Ms. Cepeda informed Mr. Kile that she is not attracted to men, Mr. Kile told Ms. Cepeda that she was not attracted to men only because she did not know what his "dick felt like."

18. Ms. Cepeda repeatedly asked Mr. Kile – her direct supervisor – to end this severe and pervasive harassment; despite these requests, the harassment continued.

19. After weeks of these comments to Ms. Cepeda by Mr. Kile and as noted above, another male Service Department employee who witnessed Mr. Kile's severe and pervasive harassment began making similar harassing comments to Ms. Cepeda.

20. On or about October 25, 2021, Ms. Cepeda reported the above sexual harassment to Byrider's Sales Manager, Jason Allen.

21. In addition to this report by Ms. Cepeda, Mr. Allen witnessed Mr. Kile's sexual harassment of Ms. Cepeda on several prior occasions and failed to intervene.

22. In response to Ms. Cepeda's good-faith complaint of sexual harassment, Mr. Allen asked Ms. Cepeda if she always surrenders in the face of adversity in the workplace. Additionally, Mr. Allen suspended Ms. Cepeda's employment pending an investigation into her claims, while allowing Mr. Kile to continue to work.

23. After nearly one week of being placed on an unpaid suspension and receiving no indication from Defendant about when she would be authorized to return to work, Ms. Cepeda had no other option than to resign from her employment on or about November 2, 2021.

24. Throughout the period of October 25, 2021 through November 2, 2021, Mr. Kile continued to work his regularly scheduled shifts at Byrider Wilkes-Barre.

## COUNT I

## VIOLATIONS OF TITLE VII
### *Sex Discrimination and Sexual Harassment*

25. All prior paragraphs are incorporated herein as if set forth fully below.

26. Miracle Motors created, permitted, tolerated, encourage and fostered a sexually hostile intimidating, demeaning, degrading and demoralizing environment at its Byrider location where Ms. Cepeda worked, which hostile environment was ongoing and pervasive throughout Ms. Cepeda's employment.

27. The acts of Miracle Motors, and its officers, agents and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Cepeda, included allowing Ms. Cepeda's direct supervisor and coworker to sexually harass her, and continuing to allow this situation to occur despite management's first-hand knowledge/observation and Ms. Cepeda's repeated requests to management for the harassment to end.

28. As such, the sexually hostile environment was specifically known to Miracle Motors' management, which took no meaningful or effective action to remediate the offending behavior or to remove the offending environment.

29. As a consequence of the hostile environment supported and encouraged by Miracle Motors' actions and failures to act, Ms. Cepeda was subjected to emotional distress, physical injury, a loss of self-respect and confidence, humiliation,

ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

30. As a result of the sexually hostile environment which persisted over the course of her employment and following an unpaid suspension which was to last for an undetermined period of time, Ms. Cepeda was compelled to seek alternate employment, leading to her constructive termination, and resulting in ongoing economic loss and great damage to her career and professional standing.

31. The actions of Miracle Motors set forth above constitute violations of Title VII of the Federal Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*.

WHEREFORE, Plaintiff, Dystanie Cepeda, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Miracle Motors, Inc. d/b/a Byrider Wilkes-Barre, together with back wages, front wages, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## **COUNT II**

### VIOLATIONS OF PHRA
*Discrimination and Harassment*

32. All prior paragraphs are incorporated herein as if set forth full below.

33. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count II arise out of the same facts, events, and circumstances as Counts I and therefore judicial economy and fairness to the parties dictate that this Count II be brought in the same Complaint.

34. By engaging in the creation of and fostering of a sexually hostile work environment, and by constructively terminating Ms. Cepeda because of her sex, Miracle Motors violated the provisions of Title 43 P.S. § 955 which prohibits harassment and discrimination based on sex.

WHEREFORE, Plaintiff, Dystanie Cepeda, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Miracle Motors, Inc. d/b/a Byrider Wilkes-Barre, together with back wages, front wages, compensatory damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

December 21, 2022  /s/ Michael J. Bradley
Date  Michael J. Bradley
PA Bar I.D. #: PA329880
mbradley@weisbergcummings.com

/s/ Larry A. Weisberg
Larry A. Weisberg
PA Bar I.D. #: PA83410
lweisberg@weisbergcummings.com

/s/ Derrek W. Cummings
Derrek W. Cummings
PA Bar I.D. #: PA83286
dcummings@weisbergcummings.com

/s/ Steve T. Mahan
Steve T. Mahan
PA Bar I.D. #: PA313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*

9